UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE RAMSBOTTOM,

    Plaintiff,

v.                                                    Case No. 2:20-cv-411-SPC-NPM

C.R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

## ORDER

Before the Court is an unopposed motion to modify a deadline set forth in the scheduling order. (Doc. 63). But this is the second time the Court has been asked to push back the deadline for Defendants to serve any Rule 26(a)(2) disclosures from their rebuttal experts. Originally, the Defendants asked to push it back from September 13 to September 27 (today). They suggested that despite their best efforts, the parties could not arrange for Plaintiff's expert to be deposed before Defendant's September 13 deadline, and they represented that the deposition was scheduled for September 16, 2021. (Doc. 57, p. 2). The Court granted the first unopposed motion by endorsed order. (Doc. 60).

With no explanation why the deposition of Plaintiff's expert did not proceed as scheduled, we now have a second unopposed motion to push back Defendant's

disclosure deadline another two weeks. This time, Defendants represent that the deposition is "currently" scheduled for September 30.

Notably, Plaintiff served the Defendants with a report from the plaintiff expert at issue on July 6.[1] And given the virtual nonexistence of any explanation why this expert could not be deposed in July or August (or until the last day of September), it is becoming difficult to fathom why the parties' agreed-upon disclosure deadlines (Doc. 33) adopted by the Court (Doc. 47) could not be met despite the exercise of due diligence—the requisite standard for modifying a deadline set forth in a scheduling order. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). In fact, to avoid motions like these, the CMSO provided:

> If not previously provided or otherwise agreed, service of an expert report by any party **shall include the disclosure of at least three dates of availability for the export to be deposed**. The parties are encouraged to discuss these scheduling issues well before the service of such reports and to place holds on dates as appropriate.

(Doc. 47, p. 13 (emphasis in original)).

Be that as it may, the request is unopposed, and the parties assure the Court that the scheduling order will otherwise remain undisturbed. Accordingly, the (second) motion to modify the Defendants' deadline for serving rebuttal expert

---

[1] If so, this was one day late and not, as stated in the motion, "in accordance" with the July 5 deadline set forth in the CMSO. While the Court takes no exception to an apparent agreement among the parties to extend this service (rather than filing) deadline by one day, the Court cautions the parties that date certain deadlines in a court order that fall on a weekend or holiday are not extended by rule to the next business day.

disclosures (Doc. 63) is granted. By October 11, 2021, Defendants will serve their rebuttal expert disclosures. All other provisions of the CMSO remain in effect.

**ORDERED** in Fort Myers, Florida on September 27, 2021.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE